# Supreme Court of Louisiana

The Per Curiams handed down on the **27th day of May, 2016**, are as follows:

**PER CURIAM**:

2016-B -0016     IN RE: JULIE ANN FUSILIER

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Julie Ann Fusilier, Louisiana Bar Roll number 19583, be and she hereby is suspended from the practice of law for eighteen months.  All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, Section 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

WEIMER, J., dissents and assigns reasons.
HUGHES, J., dissents for the reasons assigned by Weimer, J.

05/27/16

SUPREME COURT OF LOUISIANA

NO. 2016-B-0016

IN RE: JULIE ANN FUSILIER

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Julie Ann Fusilier, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]

**FORMAL CHARGES**

In April 2014, respondent broke into her ex-husband's home and stole a man's diamond ring (valued at approximately $13,000) and a woman's Rolex watch (valued at approximately $6,000). Respondent then sold the ring and the watch to Diamond Distributors Inc. for approximately $2,700 and used the money to gamble. On May 20, 2014, respondent was arrested for felony theft and burglary of an inhabited dwelling and booked into the East Baton Rouge Parish Prison. On June 22, 2014, respondent self-reported her arrest to the ODC.

**DISCIPLINARY PROCEEDINGS**

In October 2014, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional

---

[1] Respondent has been ineligible to practice law since May 31, 2014 for failing to comply with mandatory continuing legal education requirements. She is also ineligible to practice law for failing to pay bar dues and the disciplinary assessment and for failing to file her trust account disclosure statement.

Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

The ODC filed a memorandum and documentary evidence for the hearing committee's consideration. The ODC indicated that after respondent self-reported her misconduct, she was referred to the Judges and Lawyers Assistance Program ("JLAP") for evaluation and treatment of her gambling addiction. On July 31, 2014, respondent entered into a recovery agreement with JLAP; however, in October 2014, JLAP's executive director notified the ODC that respondent was no longer in compliance with her JLAP agreement and, therefore, was no longer being monitored by JLAP. The ODC suggested respondent should be suspended from the practice of law for eighteen months for her violation of the Rules of Professional Conduct.

Respondent also filed a memorandum and documentary evidence for the hearing committee's consideration. Respondent stated that she accepts responsibility for her actions and has admitted her culpability to the ODC. Respondent indicated that she was hospitalized in March 2015 after she began to contemplate suicide. During her hospitalization, she was diagnosed with bipolar disorder, which had been misdiagnosed and mistreated as depression for the past ten years. Her evaluation, however, found no ongoing substance abuse issues caused by her admitted alcoholism and found nothing to suggest she has not maintained her sobriety for the past ten years as she has reported. During this time,

2

respondent also endured several serious family problems, including her son's heroin addiction.

Respondent explained that because of her mental health issues, she lost her employment, which caused her serious financial difficulties. She was delinquent in the payment of her state taxes, and her driver's license was suspended as a consequence. Because of her suspended license, respondent stated that she was unable to drive to the meetings and tests required by her JLAP agreement.

Respondent argued that her failure to file an answer to the formal charges was not a failure to cooperate. She knew that if she did not answer, then the allegations would be deemed admitted, which was consistent with her desire not to contest the allegations. She reiterated that she has suffered a number of tragedies in her personal life and pointed out there are no allegations she failed in her obligations to any clients. Finally, given that her mental health issues have played a significant role in her misconduct and because she is now taking appropriate steps to obtain treatment for those issues, she requested that she be suspended from the practice of law for only one year. However, she recognized that the hearing committee may conclude it is more appropriate for her to have to apply for reinstatement and confirm she has successfully addressed her mental health issues before being reinstated to the practice of law. As such, she requested that a one year and one day suspension be imposed instead of the eighteen-month suspension urged by the ODC.

*Hearing Committee Report*

After considering the parties' submissions regarding the issue of sanctions, the hearing committee determined that, because respondent failed to file an answer to the formal charges, the factual allegations therein were deemed admitted. The

committee then determined respondent violated the Rules of Professional Conduct as charged.

After considering both parties' arguments, and especially respondent's recently diagnosed bipolar disorder, the committee determined respondent should be required to apply for reinstatement prior to returning to the practice of law. Accordingly, the committee recommended respondent be suspended from the practice of law for one year and one day.

The ODC filed an objection to the hearing committee's report and recommendation, arguing that the recommended sanction was unduly lenient.

*Disciplinary Board Recommendation*

After review, the disciplinary board determined the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the committee correctly concluded respondent violated the Rules of Professional Conduct as charged.

The board then determined respondent knowingly violated duties owed to the public and the legal profession. She caused actual harm when she stole jewelry from her ex-husband's house. She also harmed the legal profession by committing a serious crime that reflects poorly on the profession as a whole. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the applicable baseline sanction is disbarment.

In aggravation, the board found a dishonest or selfish motive and substantial experience in the practice of law (admitted 1989). In mitigation, the board found the absence of a prior disciplinary record and personal or emotional problems.

Turning to the issue of an appropriate sanction, the board concluded that a downward deviation from the baseline sanction of disbarment is warranted because of the mitigating factors present. After further considering this court's prior

4

jurisprudence addressing similar misconduct and respondent's failure to comply with her JLAP agreement, the board recommended she be suspended from the practice of law for eighteen months.

Respondent filed an objection to the disciplinary board's recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket. Prior to oral argument, the parties filed a joint motion seeking to waive oral argument. We granted the motion and now consider the case based upon the record and the briefs filed by the parties.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

5

The evidence in the record of this deemed admitted matter supports a finding that respondent burglarized her ex-husband's home.  Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions.  In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987).  The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.  *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly violated duties owed to the public and the legal profession, causing actual harm.  The baseline sanction for misconduct involving theft is disbarment.  The record supports the aggravating and mitigating factors found by the disciplinary board.

In determining an appropriate sanction, we find guidance from *In re: Sterling*, 08-2399 (La. 1/30/09), 2 So. 3d 408.  In that case, Mr. Sterling went to the apartment of his former fiancée so that he could retrieve her engagement ring and the keys to a car he had given her.  Mr. Sterling knocked on the doors and windows of the apartment, but the woman did not respond.  Mr. Sterling then kicked in the door and forced his way inside the apartment.  Upon discovering the woman in her bedroom with another man, Mr. Sterling grabbed her by the arms and pushed and shoved her around the apartment.  Mr. Sterling was arrested on charges of unauthorized entry of an inhabited dwelling and simple battery.  He later pleaded guilty to unauthorized entry of an inhabited dwelling.  Mr. Sterling also failed to properly notify his clients of his interim suspension, failed to return a

6

client's file after he was placed on interim suspension, and transferred a client matter to another attorney without the consent of the client. For this misconduct, we suspended Mr. Sterling for two years, retroactive to the date of his interim suspension.

In the instant matter, respondent did not engage in the crime of battery, nor did she engage in any other attorney misconduct, as was present in *Sterling*. Furthermore, there are compelling mitigating factors present in this case, notably the absence of a prior disciplinary record and respondent's significant personal and emotional problems. As such, we find a downward departure from the two-year suspension imposed in *Sterling* is appropriate.

Accordingly, we will accept the disciplinary board's recommendation and suspend respondent from the practice of law for eighteen months.[2]

## DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Julie Ann Fusilier, Louisiana Bar Roll number 19583, be and she hereby is suspended from the practice of law for eighteen months. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

---

[2] In her brief filed with this court, respondent urged that any suspension imposed upon her be made retroactive to "a date in the past," notwithstanding that she has not been placed on interim suspension. We reject this request, as there is no mechanism in Supreme Court Rule XIX for a retroactive suspension except in cases where a lawyer has been interimly suspended. *See In re: Fontenot*, 04-0079, n.8 (La. 5/25/04), 874 So. 2d 817.

**05/27/16**

## SUPREME COURT OF LOUISIANA

## NO. 16-B-0016

## IN RE: JULIE ANN FUSILIER

*ATTORNEY DISCIPLINARY PROCEEDING*

**WEIMER, J.**, dissenting.

I dissent and would order this matter be scheduled for oral argument so as to better evaluate whether a lesser sanction would serve the interests of the disciplinary system.

**SUPREME COURT OF LOUISIANA**

**No. 2016-B-0016**

**IN RE:  JULIE ANN FUSILIER**

**ATTORNEY DISCIPLINARY PROCEEDING**

**Hughes, J., dissents for the reasons assigned by Weimer, J.**