PER CURIAM
This proceeding arises out of an application for readmission to the practice of law filed by petitioner, Julie A. Fusilier, a suspended attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On May 27, 2016, we suspended petitioner from the practice of law for eighteen months. In re: Fusilier , 16-0016 (La. 5/27/16), 193 So.3d 1150. The suspension stemmed from petitioner's arrest in 2014, after she broke into her ex-husband's home and stole a man's diamond ring (valued at approximately $ 13,000) and a woman's Rolex watch (valued at approximately $ 6,000). Petitioner then sold the ring and the watch to Diamond Distributors Inc. for approximately $ 2,700 and used the money to gamble. She was subsequently charged with felony theft and burglary of an inhabited dwelling.[1]
In January 2018, petitioner filed an application for reinstatement with the disciplinary board, alleging she has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel ("ODC") took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to the condition that she continue to comply with her Judges and Lawyers Assistance Program ("JLAP") recovery agreement. Among other findings, the committee noted *283 that petitioner successfully completed a gambling addiction treatment program, actively participates in Alcoholics Anonymous and Gamblers Anonymous, and is fully compliant with her JLAP agreement.
Neither petitioner nor the ODC objected to the hearing committee's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met her burden of proving that she is entitled to be reinstated to the practice of law on a conditional basis. Accordingly, we will order that petitioner be reinstated to the practice of law, subject to the condition that she comply with her JLAP recovery agreement.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Julie A. Fusilier, Louisiana Bar Roll number 19583, be immediately reinstated to the practice of law in Louisiana, subject to the condition that she comply with her JLAP recovery agreement. Should petitioner fail to comply with this condition of reinstatement, her conditional right to practice may be terminated immediately, or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.

In her petition for reinstatement, petitioner indicates that the criminal charges were dismissed after she made restitution to her ex-husband in late 2016 or early 2017.